# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>  Plaintiff,<br><br>  v.<br><br>R. GONZALES,<br><br>  Defendant. | Case No. 1:14-cv-01177-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 2)**<br><br>**AMENDED PLEADING DUE IN THIRTY-DAYS** |

Plaintiff, a state prisoner incarcerated at Valley State Prison, initiated this action, pro se, on June 2, 2014, in Madera County Superior Court. (Notice of Removal, ECF No. 2, Ex. A.) In it he seeks monetary damages from Defendant, R. Gonzales, for violation of his civil rights. Defendant Gonzales removed the matter to this Court on July 25, 2014, pursuant to 28 U.S.C. § 1441(a), based upon the Court's original jurisdiction under 28 U.S.C. § 1331.

Plaintiff's Complaint is before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true,

legal conclusions are not. *Id.* at 667-68.

## III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff claims that on September 13, 2013, at Valley State Prison, Defendant Gonzales knowingly destroyed Plaintiff's property. He did so because of Plaintiff's personal characteristic(s) and to interfere with Plaintiff's exercise of his civil rights.

He claims Defendant violated California criminal laws relating to "hate crimes." [1]

Plaintiff seeks monetary damages.

## IV. DISCUSSION

### A. No Cognizable Claim Stated

The Complaint does not include any discernable description of any alleged violation of any of Plaintiff's constitutional rights. It does not advise the Court of the claim(s) Plaintiff intends to plead or the base(s) for them. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's Complaint fails to state any cognizable federal claim.

The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to amend, he must include all relevant factual allegations in one document; references to facts alleged in preceding filings will be disregarded. The following sections of this Order provide legal standards applicable to named Defendant and what the Court believes may be Plaintiffs intended claims.

### B. Action Under Color Of Law

To state a § 1983 claim, a plaintiff must allege facts which show a deprivation by a person acting under color of state law. Generally, private parties do not act under

---

[1] Plaintiff cites to California Penal Code §§ 422.55, 422.6, 422.7.

color of state law. *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001); *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003). "The United States Constitution protects individual rights only from government action, not from private action." *Single Moms, Inc.*, 331 F.3d at 746. "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Id.*, at 746-47, citing *Brentwood Academy*, 531 U.S. at 295.

The Complaint does not include any facts suggesting Defendant Gonzales was acting under color of state law when allegedly violating Plaintiff's rights. Plaintiff does not identify Defendant Gonzales' employment or specify whether it was public or private. He does not state whether Gonzales was acting within the scope of his employment or in an official and/or personal capacity.

Plaintiff will be given leave to amend. If Plaintiff chooses to amend, he should allege facts showing how Defendant was acting under color of state law when allegedly violating his rights.

**C.   Fourteenth Amendment**

1.   Property Deprivation

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984), citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." [2] *Hudson*, 468 U.S. at 533.

Plaintiff's Complaint does not specify whether the alleged deprivation of property was authorized. To the extent Plaintiff alleges an unauthorized, intentional property deprivation, he has an adequate post-deprivation remedy under California law and any attempt to pursue a claim under federal law for the loss of his property fails as a matter of law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing an authorized, intentional destruction of his property.

  2.  Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); see also *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

In the prison context, however, even fundamental rights such as the right to

---

[2] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir.1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

equal protection are judged by a standard of reasonableness - specifically whether the actions of prison officials are reasonably related to legitimate penological interests. *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004), citing *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

The Complaint's allegations do not support a constitutional claim for discrimination. It does not reveal how or why Plaintiff was discriminated against. It does not allege his membership in a suspect class or that he was treated differently from similarly situated inmates without legitimate penological purpose. It does not explain what personal character traits Plaintiff believes motivated the discrimination and why. See *Washington v. Davis*, 426 U.S. 229, 239–40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent). Plaintiff's reference to California's hate crimes statute is not enlightening in these regards.

Plaintiff will be given leave to amend. If Plaintiff chooses to amend, he should allege facts showing denial of equal protection based on his protected class or through disparate treatment.

### 3. Liberty Interest

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff,* 418 U.S. at 556. In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms,* 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are limited to freedom from restraint which

6

"imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Plaintiff does not identity a liberty interest that was denied him without the process due.

Plaintiff will be allowed leave to amend. If he chooses to amend, Plaintiff should include facts identifying a liberty interest denied him without the procedural process due.

### D. Supplemental State Law Jurisdiction

Plaintiff claims Defendant violated California criminal laws relating to "hate crimes."

The Court need not address the viability of Plaintiff's state claims because the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001); see also *Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989).

### V. CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable federal claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of

7

Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint removed to this Court on July 25, 2014 (ECF No. 2, Ex. A),

2. Plaintiff's Complaint (ECF No. 2, Ex. A) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order,

5. the undersigned will recommend the action be dismissed and remanded.

IT IS SO ORDERED.

Dated:   August 29, 2014              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

8