# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. GONZALES,<br><br>    Defendant. | **Case No. 1:14-cv-01177-LJO-MJS (PC)**<br><br>**ORDER DENYING MISCELLANEOUS MOTION**<br>**(ECF No. 8)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 9)**<br><br>**AMENDED PLEADING DUE IN THIRTY-DAYS** |

Plaintiff, a state prisoner incarcerated at Valley State Prison ("VSP"), initiated this action, pro se, on June 2, 2014, in Madera County Superior Court. (Notice of Removal, ECF No. 2, Ex. A.) Defendant Gonzales removed the matter to this Court on July 25, 2014, pursuant to 28 U.S.C. § 1441(a), based upon the Court's original jurisdiction under 28 U.S.C. § 1331. The Complaint was dismissed for failure to state a claim.

On September 22, 2014, Plaintiff filed (1) a motion for leave to add parties and demand jury trial, and (2) a First Amended Complaint. Both are now before the Court.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.,* at 667-68.

### III.     SUMMARY OF PLAINTIFF'S CLAIMS

Plaintiff names as Defendants (1) Gonzales, VSP Correctional Officer, (2) Olson, VSP Correctional Sergeant.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff claims that Defendant Gonzales searched the cells and confiscated personal property of him and fellow VSP inmate Smith because they are Black and were noisy while playing dominos.

Plaintiff claims Defendant Olson, Gonzales supervisor, was aware of and failed to remedy Gonzales's improper conduct.

Plaintiff seeks a declaration his rights were violated, return of personal property and monetary damages.

### IV.     DISCUSSION

#### A.     Motion to Add Parties and Demand Jury Trial

##### 1.     Add Co-Plaintiff

Plaintiff's First Amended Complaint asserts claims on behalf of former VSP inmate Smith. Plaintiff seeks to join Smith as co-plaintiff. Smith has not signed either the instant motion or the First Amended Complaint.

Plaintiff, proceeding pro se in this action, may not represent the interests of any other inmate(s). *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

Even if Smith had signed the pleading and indicated a desire to join in and represent himself pro se, his request would have been denied.  Courts have broad discretion regarding the permissive joinder of parties. Fed. R. Civ. P. 20, 21; see *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000); *Maddox v.*

*County of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006). The need for co-plaintiffs to agree upon and sign all filings becomes impossibly burdensome where, as here, the proposed co-plaintiffs are incarcerated and housed at different prisons.[1]

Due to the significant and sometimes insurmountable complications which result from multiple incarcerated plaintiffs proceeding pro se in the same action and because no one of the inmates may represent the other in the action, the motion to join inmate Smith as a co-plaintiff in this action is denied. See e.g., *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998) (affirming denial of joinder motion where proposed parties did not indicate a desire to join and the pro se litigant plaintiff could not represent their interest in court).

2.  Add Defendant Olson and Demand Jury Trial

Plaintiff also moves to add Sgt. Olson as a defendant and to demand a jury trial. The First Amended Complaint already includes Olson as a Defendant and seeks a jury trial. Therefore, this request is moot, and it is denied on that ground.

**B.  Retaliation**

Plaintiff claims he was retaliated against for being noisy while playing dominos with Smith and other inmates.

A retaliation claim requires: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

---

[1] Inmates may not correspond with other inmates in the absence of written authorization from the warden. Cal. Code Regs., tit. 15, § 3139.

4

Plaintiff alleges no First Amendment conduct by him that triggered the alleged retaliation. Nothing before the Court suggests the domino playing or being noisy was protected activity. Conduct not intended to express an idea cannot be afforded First Amendment protection. *Bishop v. Colaw*, 450 F.2d 1069, 1074 (8th Cir. 1971). Here, it appears Gonzales simply instructed Plaintiff and others to keep the noise level down. There is no reason to suspect this was motivated by anything other than legitimate penological purposes unrelated to protected speech.

Plaintiff argues that since prison regulations allow recreational activities such as dominos, noise generated in the process of playing is protected by the First Amendment. Plaintiff cites no authority for the proposition that these prison regulations created an enforceable First Amendment right. The court is unaware of any such authority.

Plaintiff does not, in any event, have a private right to enforce prison regulations. See e.*g., Gonzaga University v. Doe,* 536 U.S. 273, 283–86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).

Finally, even if Plaintiff had alleged activity protected by the First Amendment, he does not show that Gonzales' actions were motivated by that activity. See e.g., *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), citing *Rhodes*, 408 F.3d at 568; see also *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (a plaintiff must show that his protected conduct was a "substantial" or "motivating" factor behind the defendant's conduct).

If Plaintiff chooses to amend he must allege facts demonstrating that specific Defendants, without a legitimate penological purpose, took adverse action against him

5

because he undertook constitutionally protected conduct. He must specify the adverse action, what protected activity motivated it, and his basis for alleging the complained-of action did not have a valid custodial purpose.

**C.     Cell Search and Seizure of Property**

Plaintiff claims Gonzales's search of his cell and confiscation of property was unreasonable.

Under the Fourth Amendment, a seizure of property "occurs when there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). However, the United States Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." *Id.* Further, the Court noted, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests." *Id.*, at 528 n.8.

Because there is no Fourth Amendment applicability to a prison cell, Plaintiff's claim in this regard fails. No useful purpose would be served by granting leave to amend this claim and it is denied.

**D.     Due Process**

    **1.     Property Deprivation**

Plaintiff claims Gonzales deprived him of property seized from his cell during the search.

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However,

6

while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *Hudson*, 468 U.S. at 532, n.13, citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."[2] *Hudson*, 468 U.S. at 533.

Plaintiff' does not specify whether the alleged deprivation of property was authorized. To the extent Plaintiff alleges an unauthorized, intentional property deprivation, he has an adequate post-deprivation remedy under California law and any attempt to pursue a claim under federal law for the loss of his property fails as a matter of law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

2. Disposition of Confiscated Property

Plaintiff claims he was not given the opportunity to select the method of disposition of his confiscated property, and to appeal the property disposition, as required by prison regulations.

Plaintiff does not allege facts sufficient for the Court to analyze this claim. It is unclear whether Plaintiff had an interest in the authorized property; what notice and process, if any, was afforded upon confiscation of the property; whether Plaintiff requested return of the property or appealed its confiscation and, if so, the result thereof; and what happened to the confiscated property. See *Wolff*, 418 U.S. at 556.

In sum, Plaintiff fails to state a due process claim relating to his alleged interest in

---

[2] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

property confiscated from his cell.

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing an authorized, intentional deprivation of his property, denial of process due, and harm caused thereby.

**E.      Equal Protection**

Plaintiff claims Gonzales's search and seizure was motivated by Plaintiff's race and that noisy non-black inmates were not subjected to such search and seizure.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); see also *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness - specifically whether the actions of prison officials are reasonably related to legitimate penological interests. *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004), citing *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

Here, the pleading is devoid of facts suggesting Gonzales was motivated by

8

Plaintiff's race or discriminatory intent. See *Washington v. Davis*, 426 U.S. 229, 239–40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent).

Likewise, Plaintiff does not allege facts demonstrating how and why other inmates, similarly situated to him, were treated differently, and why any disparate treatment was motivated by an intent to discriminate instead of a valid penological purpose. *Id.* Indeed, Plaintiff appears to allege that all "B-Hall" inmates, not just those playing dominos with him, were subjected to search by Gonzales. (See ECF 9, at 10:8-12.) This does not suggest disparate treatment, but rather the opposite.

In summary, Plaintiff does not state an equal protection claim under either protected class theory or disparate treatment theory.

If Plaintiff chooses to amend, he should allege facts showing denial of equal protection based on his protected class or through disparate treatment.

### F. Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief where there is no underlying federal claim.

9

*City of Los Angeles*, 461 U.S. at 101–02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Plaintiff does not state any cognizable claim against named Defendants for the reasons stated.

Even if Plaintiff had stated a cognizable claim, an allegation of "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects." See *Id.* Plaintiff does not state facts showing how or why there is any ongoing threat of harm and relative hardship.

Accordingly, the claim for injunctive relief is moot because it is unsupported by any underlying case or controversy, and fails.

**G.    State Law Claim**

Plaintiff claims Gonzales's alleged retaliation and property deprivation constitute state law negligence.

"Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009), quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994 (2008).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to

10

demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Plaintiff's allegation Gonzales did not comply with prison regulations regarding cell search and disposition of confiscated property could suggest breach of duty.[3] Even so, Plaintiff does not demonstrate compliance with CTCA claim filing requirements, precluding any otherwise valid negligence claim.

Additionally, the Court will not exercise supplemental jurisdiction over a state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir.2001); see also *Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1046 (9th Cir.1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

## V. CONCLUSIONS AND ORDER

The motion to add parties and demand a jury trial lacks merit. The First Amended Complaint fails to state any cognizable federal claim.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of his constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the

---

[3] Plaintiff cites to Cal. Code Regs., tit. 15, §§ 3287(a)(4), 3191(c).

"[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to add parties (ECF No. 8) is DENIED,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed on September 22, 2014,

3. Plaintiff's First Amended Complaint (ECF No. 9) is DISMISSED for failure to state a claim upon which relief may be granted,

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed with prejudice said dismissal to count as a "strike" pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: September 30, 2014      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE