UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. GONZALES,<br><br>　　　　Defendant. | CASE NO. 1: 14-cv-01177-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO PROCEED WITH SERVICE OF PLAINTIFF'S COGNIZABLE CLAIMS AND TO DISMISS REMAINING CLAIMS WITH PREJUDICE**<br><br>**(ECF No. 19)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

**I.　PROCEDURAL HISTORY**

Plaintiff, a state prisoner incarcerated at Valley State Prison ("VSP"), initiated this action, *pro se*, on June 2, 2014, in Madera County Superior Court. (Notice of Removal, ECF No. 2, Ex. A.) Defendant Gonzales removed the matter to this Court on July 25, 2014, pursuant to 28 U.S.C. § 1441(a), based upon the Court's original jurisdiction under 28 U.S.C. § 1331.

The Court previously found that Plaintiff had stated a cognizable Equal Protection claim. (ECF No. 18.)  Plaintiff's Third Amended Complaint (ECF No. 19) is now before the Court for screening.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## IV.   SUMMARY OF COMPLAINT

The events giving rise to Plaintiff's claims took place at Valley State Prison in Chowchilla. Plaintiff identifies Correctional Officer Rosa Gonzales and Correctional Sergeant John Doe 1 as Defendants.

Plaintiff's allegations can be summarized essentially as follows:

On September 23, 2013,[1] Defendant Gonzales told a group of African-American inmates they were being too loud in the dayroom and that she was therefore going to search the cells of African-Americans on B-Hallway. Inmates of other ethnicities were also being loud, but Gonzales did not threaten them with cell searches. Later, Gonzales searched African-Americans' cells, including Plaintiff's, and confiscated personal property inmates were authorized to have. She took Plaintiff's family photographs without providing him written notice or allowing him to be present during the search. When Plaintiff later requested return of his photographs, Gonzales "would not address

---

[1] Plaintiff has not been consistent about dates. Plaintiff's previous complaints stated that the events occurred on September 13, 2013. (ECF Nos. 9 & 17).

3

the matter." (ECF No. 19, at 7.) Plaintiff submitted several Form 22's requesting the return of his property, but did not receive a response.  Plaintiff told Defendant Doe, the D-Yard Sergeant, about Gonzales's conduct, but Doe responded only that he "backs his officers," and he failed to investigate or otherwise take action.  (ECF No. 19, at 8.) Gonzales subsequently destroyed Plaintiff's photos out of retaliatory motive.  Plaintiff filed a claim with the Victim Compensation and Government Claims Board on December 23, 2013.  His claim was rejected on February 28, 2014.

Plaintiff seeks monetary damages and injunctive relief for violation of his First, Eighth, and Fourteenth Amendment rights.

**V.    ANALYSIS**

Plaintiff alleges that Defendants' conduct violates the First, Eighth, and Fourteenth Amendments, as well as various provisions of state law.  In its most recent screening order (ECF No. 18), the Court found that Plaintiff had stated a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment but on no other grounds.  The Court now finds that Plaintiff has pleaded cognizable retaliation, Equal Protection, and a state law conversion claim. In addition, Plaintiff has adequately linked Defendant Doe to his claim.  Therefore the Court will recommend that service proceed on Plaintiff's cognizable claims, and that his remaining claims be dismissed.

**A.    Retaliation**

In the prison context, a First Amendment retaliation claim has five elements: first, that the plaintiff engaged in conduct protected by the First Amendment; second, that the defendant took adverse action against the plaintiff; third, that there is a causal connection between the protected conduct and the adverse action; fourth, that the adverse action either chilled the plaintiff's protected conduct or "would chill or silence a

person of ordinary firmness from future First Amendment activities;" and fifth, that the defendant's retaliatory action did not advance legitimate correctional goals. Watison v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); accord Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005).

The first element can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Watison, 668 F.3d at 1114; Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is similarly protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). More broadly, an inmate's opinions, voiced outside the context of legal or administrative proceedings, are also entitled to First Amendment protection. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995)(interview with television station was First Amendment activity for retaliation purposes).

The adverse action necessary to satisfy the second element need not be so serious as to amount to a constitutional violation. Watison, 668 F.3d at 1114; Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997). However, "insignificant retaliatory acts" are generally not actionable. Morris v. Powell, 449 F.3d 682, 685 (5th Cir. 2006); accord Walker v. Bowersox, 526 F.3d 1186, 1190 (8th Cir. 2008); see also, e.g, Ransom v. Aguirre, No. 1:12cv01343 2013 WL 398903, at *4 (E.D. Cal. Jan. 31, 2013)(noting that "not every allegedly adverse action is sufficient" to support a retaliation claim).

To satisfy the third element, the plaintiff "must allege a causal connection between the adverse action and the protected conduct," Watison, 668 F. 3d at 1114, and demonstrate "that his protected conduct was 'the substantial or motivating factor behind the defendant's conduct.'" Brodheim, 584 F.3d 1271 (9th Cir. 2009)(citing Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Because it can be difficult

to present direct evidence of a defendant's motive, "timing can properly be considered as circumstantial evidence of retaliatory intent." Watison, 668 F.3d at 1114(citing Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995)).

Fourth, the plaintiff must allege that the adverse action either chilled his own First Amendment exercise or would chill that of a person of ordinary firmness. Brodheim, 584 F.3d at 1269-1270; Rhodes, 408 F.3d at 568-569.  Thus, plaintiff need not demonstrate that his First Amendment rights were totally "inhibited or suppressed" because "it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." Rhodes, 408 F.3d at 568-569 (citing Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). A plaintiff can establish that an action would silence a person of ordinary firmness by showing that the action caused harm that was more than minimal.  Watison, 668 F.3d at 1114; Brodheim, 584 F.3d 1262; Rhodes, 408 F.3d at 567, n.11.

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532; accord Watison, 668 F.3d at 1114.

The Court finds that Plaintiff's pleadings are sufficient to meet the five prongs required to state a cognizable retaliation claim: Plaintiff was engaged in protected conduct when he was speaking with other African-Americans in the dayroom. Defendant Gonzales took adverse action by searching his cell and confiscating his photographs. See Rupe v. Cate, 688 F.Supp.2d 1035, 1049 (E.D Cal. 2010)(allegedly harassing cell and strip searches were adverse actions sufficient to support First Amendment retaliation claim); McMillan v. Ringler, No. 2:13-CV-00578, 2014 WL 7335318, at *8

6

(E.D. Cal. Dec. 19, 2014) *report and recommendation adopted by*, No. 2:13-CV-00578, 2015 WL 640716 (E.D. Cal. Feb. 13, 2015)(allegedly retaliatory cell search was adverse action). Gonzales's comment that she would search the black inmates' cells because they were speaking loudly is sufficient to establish a causal link between the protected conduct and the adverse action. A cell search and/or property seizure would have a chilling effect on the exercise of free speech by a person of ordinary firmness. Finally, there does not appear to be a legitimate penological reason for either searching the cell or confiscating photographs with purely personal value.

### B.  Eighth Amendment Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Conditions of confinement may be, and often are, restrictive and harsh; however, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff's pleadings do not state an Eighth Amendment claim. Plaintiff has

neither alleged that Defendants deprived him of a life necessity or that they exposed him to any risk – much less a substantial one – of serious harm. The cell search and property confiscation do not amount to cruel and unusual punishment. Therefore, the Court will recommend that Plaintiff's Eighth Amendment claim be dismissed with prejudice.

### C.  Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An Equal Protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of Equal Protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an Equal Protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 40 (1973); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an Equal Protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Willowbrook, 528 U.S. at 564.

Here, Plaintiff has adequately alleged that Defendant's conduct was motivated by Plaintiff's race, a suspect classification. Plaintiff alleges that Gonzales singled out black inmates for being loud in the dayroom, even though inmates of other races were also being loud, and only searched black inmates' cells, even though she lacked any legitimate reason to do so. Therefore, the Court reiterates its prior finding that Plaintiff has stated an Equal Protection claim.

### D.     State Law Claims

The California Tort Claims Act requires plaintiffs to present tort claims against public entities to the California Victim Compensation and Government Claims Board, and to file suit no more than six months after receiving a rejection from the Board. Cal. Govt. Code, tit. 1 §§ 905.2, 910, 911.2, 913, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are prerequisites to filing suit. Castaneda v. CDCR, 212 Cal. App. 4th 1051, 1061 (Cal. Ct. App. 2013); Easter v. CDC, 694 F.Supp.2d 1177, 1185-1186 (S.D. Cal. 2010).

Plaintiff has, for screening purposes, adequately alleged compliance with the California Tort Claims Act. He asserts that he filed a complaint with the Victim Compensation and Government Claims Board on December 23, 2013, and that his claim was rejected on February 28, 2014. Plaintiff filed suit in state court on June 2, 2014 and the action was removed to federal court on July 25, 2014, both within the six-month deadline.

Plaintiff alleges the following violations of state law: an unlawful property deprivation, an equal protection claim under the California constitution, and a claim for a violation of Cal. Civ. Code § 52.1. Because these claims are so related to Plaintiff's

federal claims that the state claims "form part of the same case or controversy," the Court has supplemental jurisdiction over them under 28 U.S.C. §1367(a).

### 1. Conversion

California regulations specify the items inmates are permitted to possess, and require CDCR to "accept liability for the loss or destruction of inmate personal property when it is established that such loss or destruction results from employee action." Cal. Code Regs. tit. 15, § 3193(b). Where an inmate has been dispossessed of non-contraband personal property, he may challenge the deprivation of property under a theory of conversion. See Flores v. CDCR, 224 Cal. App. 4th 199, 206 (Cal. Ct. App. 2014); Escamilla v. CDCR, 141 Cal. App. 4th, 498, 506-507 (Cal. Ct. App. 2006). The remedies for such a deprivation include recovery of the confiscated item and potentially "damages for its detention and damages based on the value of the property." Flores, 224 Cal. App. 4th at 206.

Here, Plaintiff alleges that he was unlawfully deprived of family photographs, which he states were "authorized personal property." (ECF No. 19, at 6). Therefore, the Court concludes Plaintiff has a valid conversion claim against Defendants.

### 2. Cal. Const. Art I, § 7

There is no direct cause of action for damages for a violation of California's equal protection clause where alternative statutory and/or common law causes of action are available. Lopez v. Youngblood, 609 F.Supp.2d 1125, 1142 (E.D. Cal. 2009); Katzberg v. Regents of Univ. of Cal., 58 P.3d 339, 358 (Cal. 2002). Here, Plaintiff has alternative causes of action, including a federal equal protection claim, so the Court finds that Plaintiff does not have a damages claim under Article I, § 7 of the California constitution. Therefore, the Court will recommend that this claim be dismissed.

### 3. Bane Act

Cal. Civ. Code. § 52.1, the Bane Act, creates a damages action for any individual whose federal or state constitutional rights have "been interfered with or attempted to be interfered with" "by threat, intimidation, or coercion." Cal. Civ. Code. § 52.1(a)-(b). . "[L]iability under § 52.1 can be based on the same facts as an underlying constitutional violation." Rodriguez v. Cnty. of Los Angeles, No. 10-6341, 2014 WL 8390755, at *3 (C.D. Cal. May 29, 2014)(citing Chaudry v. City of Los Angeles, 751 F.3d 1096, 1106 (9th Cir. 2014). A claim under section 52.1 has four elements: (1) defendant must have interfered or attempted to interfere with the plaintiff's constitutional right by threatening or committing violent acts; (2) plaintiff must have reasonably believed that the defendant injured plaintiff or his property to prevent him from exercising his right or in retaliation for exercising his right; (3) plaintiff suffered harm; and (4) defendant's conduct was a substantial factor in causing the plaintiff's harm. McCue v. S. Fork Union Elementary Sch., 766 F.Supp.2d 1003, 1010 (E.D. Cal. 2011); McMillan, 2014 WL 7335318, at *14.

Plaintiff bases his § 52.1(b) claim on, *inter alia*, violations of the First and Fourteenth Amendments of the United States Constitution.  However, his Bane Act claim fails because he has not alleged that Gonzales threatened or committed acts of violence.  Although there is no requirement that violence be extreme, the Bane Act does require the wrongful application of, or threat to apply, physical force. See McCue, 766 F.Supp.2d at 1011 (school official's refusal to provide nut-free environment to allergic child was not a threat of violence); Campbell v. Feld Entm't, No. 12-CV-04233, 2014 WL 7146462, at *7 (N.D. Cal. Dec. 15, 2014)(use of laser pointer to obscure Plaintiff's vision did not constitute violence in the context of Cal. Civ. Code. § 51.7, under standard identical to Bane Act).  A threat of violence must inspire reasonable fear in the victim.

11

McCue, 766 F.Supp.2d at 1011.  Here Gonzales's search did not involve any threats or use of force: Plaintiff does not claim that Gonzales destroyed Plaintiff's property *during* the search, or in a violent manner. Nor does he allege that Gonzales's acts frightened him.  Even if, as Plaintiff alleges, Gonzales confiscated and later disposed of the photos with retaliatory intent, such confiscation and destruction do not amount to violence, and cannot reasonably be interpreted as a threat to commit violence.  Therefore, the Court will recommend that Plaintiff's Bane Act claim be dismissed.

### E.     Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, the Court finds that Plaintiff has adequately linked Defendant Doe to his claims. Plaintiff has indicated that Doe had actual knowledge of Defendant Gonzales's allegedly unconstitutional behavior, but failed to investigate or inquire further into the matter, instead stating that he "backs his officers." Because Doe had knowledge of the allegedly unlawful conduct and, as a yard sergeant, apparently had authority to redress it, yet nonetheless failed to do so, he is an appropriate defendant under § 1983.

However, plaintiff should attempt to identify Doe by name. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)(quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)); Lopes v. Vieira, 543 F.Supp.2d 1149, 1151-1152 (E.D. Cal. 2008). Although filing a complaint against a John Doe defendant is not strictly prohibited, Wakefield, 177 F.3d at 1163, an unidentified defendant cannot be served until Plaintiff has identified him and amended his complaint to substitute a name for the pseudonym. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Therefore, service cannot presently proceed on Doe. If and when Plaintiff learns Doe's name through discovery, he may amend his complaint so that Doe can be served.

## V. CONCLUSION & RECOMMENDATIONS

Plaintiff's complaint states claims for First Amendment retaliation and Fourteenth Amendment Equal Protection violations under federal law, and a conversion claim under California law. Plaintiff does not state a claim on any other basis.

Accordingly, the Court HEREBY RECOMMENDS:

1. Plaintiff be permitted to proceed on the Third Amended Complaint's retaliation, Equal Protection and conversion claims against Defendants Gonzales and Doe;

13

2. All other claims asserted in the Third Amended Complaint should be dismissed with prejudice;

3. Service should be initiated on the following Defendant:

   a. Correctional Officer Rosa Gonzales;

4. The Clerk of Court should send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Third Amended Complaint, filed May 29, 2015;

5. Within thirty (30) days from the date of adoption of these Findings and Recommendations, Plaintiff should complete a return to the Court the notice of submission of documents along with the following documents:

   a. One (1) completed summons,

   b. One (1) completed USM-285 form for each Defendant listed above,

   c. Two (2) copies of the endorsed Third Amended Complaint filed May 29, 2015; and

6. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

14

objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   August 4, 2015                    /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE