UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. GONZALES,<br><br>　　　　Defendant. | CASE NO. 1: 14-cv-01177-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**1)  GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT (ECF No. 23); AND**<br><br>**2) VACATE FINDINGS AND RECOMMENDATIONS FOR SERVICE OF PLAINTIFF'S THIRD AMENDED COMPLAINT (ECF No. 20)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

　　　Plaintiff, a state prisoner incarcerated at Valley State Prison ("VSP"), initiated this action, *pro se*, on June 2, 2014, in Madera County Superior Court.  (Notice of Removal, ECF No. 2, Ex. A.)  Defendant Gonzales removed the matter to this Court on July 25, 2014, pursuant to 28 U.S.C. § 1441(a), based upon the Court's original jurisdiction under 28 U.S.C. § 1331.

On August 5, 2015, the Magistrate Judge issued findings and recommendations to proceed with service of the cognizable retaliation, equal protection, and conversion claims against Defendants Gonzales and Doe in Plaintiff's Third Amended Complaint. (ECF No. 20.)  On August 17, 2015, Plaintiff moved for leave to file a Fourth Amended Complaint. (ECF No. 23).

I.    **LEGAL STANDARD**

A party may amend his pleading, after a responsive pleading is served, only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Desertrain v. City of Los Angeles, 754 F.3d 1147. 1154 (9th Cir. 2014); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)). Prejudice to the opposing party carries the greatest weight.  Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). However, absent prejudice or a strong showing of any of the other factors there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

II.    **DISCUSSION**

Plaintiff seeks leave to file an amended complaint "solely" so that he may "replace the identity of Doe 1 with the Defendant's actual name." (ECF No. 23, at 1.)  In the lodged Fourth Amended Complaint, Plaintiff identifies Doe 1 as Correctional Sergeant Olsen.

The Court will GRANT Plaintiff's motion. Though Plaintiff has amended his pleadings multiple times, Defendants have yet to be served and hence will not be prejudiced by the recent identification of Defendant Olsen. Indeed, Plaintiff's discovery of Defendant Olsen's name will in all likelihood allow service to proceed faster and more efficiently. Moreover, amendment does not appear to be futile: the Magistrate Judge found that Plaintiff's Third Amended Complaint stated valid claims against the Doe defendant now identified as Olsen (ECF No. 20). Given Plaintiff's assertion that the facts alleged in his Fourth Amended Complaint do not differ from those in his Third Amended Complaint, the claims against Olsen would be expected to survive another round of screening.

Accordingly, the Court HEREBY RECOMMENDS that:

1) Plaintiff's motion for leave to file a Fourth Amended Complaint (ECF No. 23) be GRANTED;

2) The Findings and Recommendations issued August 5, 2015 (ECF No. 20) be VACATED; and

3) The Clerk of Court be directed to file Plaintiff's lodged Fourth Amended Complaint (ECF No. 24).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

3

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 28, 2015           /s/ *Michael J. Seng*
                                                                              UNITED STATES MAGISTRATE JUDGE