UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. GONZALES and CORRECTIONAL SERGEANT OLSEN,<br><br>    Defendants. | No. 1:14-cv-01177-DAD-MJS (PC)<br><br>Amended Order Adopting in Part Findings and Recommendations (Doc. No. 20) to Proceed with Service of Plaintiff's Cognizable Claims and to Dismiss Remaining Claims with Prejudice |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1). The matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

    On August 5, 2015, the magistrate judge issued findings and recommendations (Doc. No. 20) recommending that plaintiff be allowed to proceed on the retaliation, Equal Protection, and conversion claims his set forth in his third amended complaint's against defendants Gonzales and Doe 1 and that all other claims asserted in the complaint and all other named defendants be dismissed. On December 15, 2015, the magistrate judge granted plaintiff's motion to amend his third amended complaint to substitute Correctional Sergeant Olsen in place of Doe 1 as

/////

1

1  defendant. (Doc. No. 27).  Plaintiff did not object to the findings and recommendations (Doc. No.
2  20) and the time provided for doing so has passed.
3      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
4  de novo review of this case.  Having carefully reviewed the entire file, the court holds the
5  findings and recommendations to be supported by the record and by proper analysis, save and
6  except as discussed below.

      **I.**      **Bane Act Claim**

In section V(D)(3) of the findings and recommendations, concerning plaintiff's Bane Act claim allegations, the magistrate judge states that plaintiff's claim brought under California Civil Code § 52.1 must fail because plaintiff does not allege in his third amended complaint that defendant Gonzales "threatened or committed acts of violence." (Doc. No. 20, p. 11).  The undersigned disagrees.  Allegations of the threatening or committing of an act of violence is not necessary to state a cognizable claim under the Bane Act.

California Civil Code § 52.1 states, in part:

> Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with [by threat, intimidation, or coercion], may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages. . . .

Cal. Civ. Code § 52.1(b).  As the California courts have recently stated, a plaintiff in such an action must allege and show two things: 1) "intentional interference or attempted interference with a state or federal constitutional or legal right," and; 2) "the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal App. 4th 41, 67 (2015) (citing *Jones v. Kmart Corp.*, 17 Cal 4th 329, 334 (1998)).  No act or threatened act of violence is necessary to state a cognizable claim under this provision.

The statute itself uses the words "violence" or "violent" in only two contexts:  1) requiring notification of local law enforcement for any areas in which a plaintiff who has received a protective order either resides or in which "acts of violence against the plaintiff are likely to occur," Cal. Civ. Code § 52.1(e); and 2) noting that allegations only involving speech which

threatens, intimidates, or coerces are insufficient to state a claim under the provision, unless the speech itself threatens violence and there is a reasonable fear by the persons threatened that violence against them will be committed, Cal. Civ. Code § 52.1(j).  Further, the California Supreme Court has pointed out that § 52.1(g) states an action brought under § 52.1 is "'independent of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law,' including Civil Code section 51.7." *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 841 (2004).  Section 51.7 of the California Civil Code specifically ensures all persons freedom "from any violence, or intimidation by threat of violence." Cal. Civ. Code § 51.7.  Comparing these two sections makes clear there is no requirement under California law to allege an act of violence has occurred or was threatened in order to state a claim under § 52.1, but rather only that the exercise of rights protected either by federal law or California law was "interfered with" by "threat, intimidation, or coercion." *Compare* Cal. Civ. Code § 52.1 *with* Cal. Civ. Code § 51.7.  Further, in *Venegas*, the California Supreme Court permitted claims under § 52.1 based on allegedly unlawful searches and seizures by several law enforcement officers, despite the fact that there were no allegations of violence or threats of violence against the two plaintiffs.  *Venegas*, 32 Cal. 4th at 827-28.

While California courts have not defined the precise limits of what may qualify as interfering with the exercise of a constitutional right by "threat, intimidation, or coercion," the Ninth Circuit has noted that conduct constituting "coercion" must be "intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights." *Gant v. County of Los Angeles*, 772 F.3d 608, 623–24 (9th Cir. 2014) (citing *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 961 (2012)).  In *Gant*, the Ninth Circuit reversed a district court's grant of a summary judgment motion dismissing a Bane Act claim where a plaintiff had alleged that he was wrongfully arrested and detained in violation of his Fourth Amendment rights. *Id.* at 612–14.  In so holding, the Ninth Circuit found a genuine issue of fact was raised because the officers involved in the stop knew the person they were arresting did not match the physical description given by the dispatcher, and "the officers' quick, insistent questioning was intended to

/////

coerce Ventura [whose first language was not English] into stating that he was 5'11"." *Id.* at 623–24.

The apparent coercion at issue in *Gant*— repetitively and insistently asking for confirmation that the person's height was other than it was in order to make it more plausibly fit a physical description and thereby support an arrest — was less coercive than the conduct alleged by plaintiff here. Taking the allegations included in plaintiff's third amended complaint as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as noted in the portions of the findings and recommendations adopted here, plaintiff has successfully alleged both a First Amendment retaliation claim and an Equal Protection claim under the Fourteenth Amendment. In these claims plaintiff alleges that defendant Gonzales retaliated against him for exercising his First Amendment rights, because he was African-American (thereby also violating the Fourteenth Amendment), and did so by destroying his personal property. The complaint has therefore alleged activity that was "intentionally coercive and wrongful," which constituted a "knowing and blameworthy interference with the plaintiff['s] constitutional rights." *Gant*, 772 F.3d at 623–24.

Given the foregoing, the court concludes plaintiff has stated a cognizable Bane Act claim, and declines to adopt that portion of the findings and recommendations recommending that it should be dismissed. Plaintiff's Bane Act claim may proceed.

## II.    42 U.S.C. § 1981

Plaintiff also alleges he was "deprived . . . of [the] equal benifit [sic] of property as other ethnic groups in the housing unit, in violation of 42 U.S.C. § 1981." (Doc. 19, p. 9). This claim is not addressed in the magistrate judge's findings and recommendations. Accordingly, the undersigned will screen the claim to determine whether it should be allowed to proceed. *See* 28 U.S.C. § 1915A.

42 U.S.C. § 1981(a) states, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

4

Given the facts alleged in plaintiff's third amended complaint, it is clear that he has not alleged any impingement of his ability to make and enforce contracts, to sue, to be a party to a lawsuit, or to give evidence in a lawsuit.  Therefore, he must be alleging he was denied the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  This protection, however, does not provide protection for property itself, but rather protects an individual's right to "full and equal benefit of *all laws and proceedings* for the security of persons and property." *Id.* (emphasis added).  Here, plaintiff has not alleged he was disallowed access to any law or proceeding which would have allowed him to secure his property, but simply that he was "deprived . . . of his equal [benefit] of property as other ethnic groups" because of defendant Gonzales's unlawful destruction of his property.  (Doc. No. 19, p. 9).  Such a claim is not cognizable under 42 U.S.C. § 1981, and will accordingly be dismissed with prejudice.

### III.    Due Process Claim

Plaintiff also alleges in claim three of the third amended complaint that he was "deprived … of [his] rights under the Fourteenth Amendment of the United States Constitution." (Doc. 19, p. 10).  Since this claim is alleged separately from his Equal Protection claim, the court construes it as attempting to state a claim under the Due Process clause of the Fourteenth Amendment.  As is well-settled, even where property is intentionally destroyed by a defendant in an unlawful manner, the destruction will not violate the Fourteenth Amendment where the state provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).  Plaintiff does not make any claims concerning the inadequacy of the post-deprivation remedy available to him.  As such, he has failed to state a claim under the Due Process Clause of the Fourteenth Amendment, and this claim will also be dismissed with prejudice.

### IV.    Conclusion

For all of the reasons set forth above:

1. The findings and recommendations (Doc. No. 20), filed on August 5, 2015, are adopted, save and except as described above.  Specifically, the court DECLINES TO ADOPT

/////

Section V(D)(3) of the findings and recommendations recommending dismissal of plaintiff's Bane Act claim.  In light of that ruling the current status of plaintiff's claims is as follows:

    a.    Plaintiff has stated a retaliation claim under the First Amendment against defendants Gonzales and Olsen.

    b.    Plaintiff has not stated an Eighth Amendment claim against either defendant, and this claim is DISMISSED WITH PREJUDICE.

    c.    Plaintiff has stated an equal protection claim under the Fourteenth Amendment against defendants Gonzales and Olsen.

    d.    Plaintiff has stated a conversion claim under California law against defendants Gonzales and Olsen.

    e.    Plaintiff cannot maintain a direct cause of action against either defendant under Article I, Section 7 of the California Constitution, and this claim is DISMISSED WITH PREJUDICE.

    f.    Plaintiff has stated a claim under California Civil Code § 52.1, the Bane Act, against defendants Gonzales and Olsen.

    g.    Plaintiff has not stated a claim under 42 U.S.C. § 1981 against either defendant Gonzales or defendant Olsen, and this claim is DISMISSED WITH PREJUDICE.

    h.    Plaintiff has not stated a claim under the Due Process clause of the Fourteenth Amendment against either defendant Gonzales or defendant Olsen, and this claim is DISMISSED WITH PREJUDICE.

2.    Plaintiff is now proceeding in this action on the retaliation, Equal Protection, conversion, and Bane Act claims against defendants Gonzales and Olsen;

3.    All other claims asserted in plaintiff's third amended complaint are dismissed with prejudice; and

4.    Service should be initiated on the following defendants:

    a.    Correctional Officer Rosa Gonzales;

    b.    Correctional Sergeant Olsen.

/////

1  5.     The Clerk of Court is directed to send plaintiff two (2) USM-285 forms, two (2) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the third amended complaint, filed May 29, 2015;

6.     Within thirty (30) days from the date of this order, plaintiff should complete and return to the Court the Notice of Submission of Documents form along with the following documents:

   a.   Two (2) completed summons,
   b.   One (1) completed USM-285 form for each defendant listed above,
   c.   Three (3) copies of the endorsed third amended complaint filed May 29, 2015; and

7.     Upon receipt of the above-described documents, the court directs the United States marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment or costs.

IT IS SO ORDERED.

Dated:   **January 8, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE