UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>    Plaintiff,<br><br>v.<br><br>R. GONZALES, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01177-DAD-MJS (PC)<br><br>**ORDER STRIKING PLAINTIFF'S SURREPLY**<br><br>**(ECF No. 46)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SET CASE FOR EVIDENTIARY HEARING**<br><br>**(ECF No. 38)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Third Amended Complaint ("TAC") against Defendants Rosa Gonzales[1] and Sergeant Olsen on Plaintiff's First Amendment retaliation, Fourteenth Amendment Equal Protection, and state tort conversion claims. (ECF No. 19.)

Before the Court is Defendants' April 13, 2016 motion for summary judgment on exhaustion grounds. (ECF No. 38.) Plaintiff opposes the motion. (ECF No. 41.)

---

[1] Defendant Gonzales' name has been alternately spelled "Gonzales" and "Gonzalez."

Defendants filed a reply (ECF No. 45.). The matter is deemed submitted. Local Rule 230(*l*).

Also before the Court is Plaintiff's unauthorized surreply to Defendants' reply. (ECF No. 46.)

**I.   Legal Standard**

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not

make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## II.  Factual Summary

The Court finds the following facts are undisputed unless otherwise noted.

### A.  Plaintiff's Allegations

At all times relevant to this suit, Plaintiff was housed at Valley State Prison ("VSP") in Chowchilla, California, where he remains. (Compl. (ECF No. 19) ¶ 1.) His factual allegations may be summarized as follows:

On either September 13 or 23[2], 2013, Defendant Gonzales stated that Plaintiff and other African-American inmates were being too loud in the Facility D dayroom. (Id. ¶ 2.) Inmates of other ethnicities were also being loud, but Defendant Gonzales did not address them. (Id. ¶ 3.) Defendant Gonzales announced she was going to search the cells of all African-American inmates on the B hallway. (Id. ¶ 2.) During the search, Defendant Gonzales seized family photographs from Plaintiff's cell. (Id. ¶ 6.) She did not give Plaintiff or the other inmates a cell search slip and refused to return Plaintiff's photographs. (Id. ¶¶ 7, 9.)

Plaintiff submitted several CDCR Request Form 22s ("Form 22") to the D-Yard program Sergeant, Defendant Olsen, complaining about Defendant Gonzales' conduct. (Id. ¶ 10.) Defendant Olsen refused to intervene, stating he would stand behind his officer. (Id. ¶ 12.)

### B.  Facts Relating to Exhaustion

On September 27, 2013, Plaintiff filed an Inmate/Parolee Appeal Form 602 ("602") on behalf of himself and two other inmates complaining about the above-described search and Defendant Olsen's failure to intervene. (Decl. of S. Torres in

---

[2] Plaintiff has alternately alleged that the incident took place on September 13 and September 23, 2013.

Supp. of Def.'s Mot. Summ. J. ("MSJ") (ECF No. 38-5) Ex. A.) He attached a Form 602-G containing each inmate's signature to this appeal. Id. The Form 602-G is required for any appeal filed as a group appeal. Cal. Code Regs. tit. 15, § 3084.2(h). Plaintiff also submitted a letter to the Office of Internal Affairs complaining about Defendant Gonzales' conduct and forwarded a copy to the VSP Investigative Services Unit ("ISU"). (Pl.'s Opp'n to MSJ (ECF No. 41) Ex. D; Decl. of J. Hearns in Supp. of Pl.'s Opp'n to MSJ (ECF No. 41 at 4) ¶ 8.)

The appeal, filed under Log. No. VSP-D-13-02232 (hereafter "the First Appeal"), was received by the Inmate Appeals Office ("IAO") on September 30, 2013. (Torres Decl. Ex. A.) The appeals coordinator cancelled the First Appeal because it was submitted on behalf of another person and because it was submitted as a staff complaint presented as a group appeal. (CDC Form 695 Appeal Screening (Id. Ex. B.)) Staff complaints cannot be submitted as group appeals. Cal. Code Regs. tit. 15, § 3084.2(h)(4).

The First Appeal and the CDC Form 695 cancelling the appeal (the "First Screening") were returned to Plaintiff on September 30, 2013. (Torres Decl. Ex. B.) The First Screening informed Plaintiff of the reasons for the cancellation, and issued the following instructions:

> You will need to present your appeal as a single individual. If other inmates have the same concern, they will need to file their own 602's, presenting their own perception that that staff misconduct has occurred.

Id.

Plaintiff claims that in response to the First Screening, on October 1, 2013, he resubmitted the First Appeal without the Form 602-G attached. (Decl. of J. Hearns in Supp. of Opp'n to MSJ (ECF No. 41 at 4) ¶¶ 7, 9.) According to Defendants, however, there is no record that the First Appeal was resubmitted on October 1, 2013 or any other date. (Torres Decl. ¶ 11.)

4

On October 27, 2013 and November 24, 2013, Plaintiff submitted two Form 22s inquiring about the status of the October 1, 2013 resubmission of the First Appeal. (Hearns Decl. ¶¶ 9-10; Pl.'s Opp'n Exs. E & F.) Both Form 22s were marked as "received" by Correctional Officer T. Pronold and forwarded to the Appeals Coordinator. Id. The record does not reflect what happened to the Form 22s thereafter; Plaintiff never received a response from the Appeals Office to either Form 22. (Hearns Decl. ¶¶ 9-10.)

After waiting for the IAO to "get back" to him regarding his First Appeal and his two Form 22s, and after receiving no response from the VSP ISU regarding his complaint letter, on March 25, 2014, Plaintiff filed a 602 under Log No. VSP-D-14-00722 (hereafter "Second Appeal") complaining about the same conduct as described in the First Appeal. (Hearns Decl. ¶ 12; Torres Decl. Ex. C.) The Second Appeal was received by the institution on April 8, 2014. (Torres Decl. Ex. C.) On April 21, 2014, the Second Appeal was screened out and cancelled because it was not submitted to the IAO within thirty calendar days of the event being appealed. Id. The Second Appeal and the CDC Form 695 (the "Second Screening") cancelling the appeal were returned to Plaintiff. (Hearns Decl. ¶ 12; Pl.'s Ex. G.) Plaintiff did not appeal this cancellation. (Torres Decl. ¶ 11.)

The instant suit was filed in the Madera County Superior Court on June 2, 2014. (Notice of Removal (ECF No. 2) ¶ 1.) On July 25, 2014, the case was removed to this Court. Id.

**III.     Defendant's Motion for Summary Judgment**

    **A.     Exhaustion Legal Standard**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

5

Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner cannot satisfy the exhaustion requirement by filing an untimely or procedurally defective appeal. Woodford v. Ngo, 548 U.S. 81, 90-1 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.")

Exhaustion is not required where circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). To satisfy this exception to the exhaustion requirement, a plaintiff must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24; see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"). Alternatively, a plaintiff may show that officials failed to respond to a properly filed grievance in a timely manner. Vlasich v. Reynoso, No. CV F 01 5197 AWI LJO P, 2006 WL 3762055, at *3 (E.D. Cal. Dec. 20, 2006) (citing Circuit Court decisions holding that a prisoner's administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.) Defendants have the burden of establishing Plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003), *accord* Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). Once that burden has been met, the onus shifts to Plaintiff to demonstrate that administrative remedies were effectively unavailable to him. Albino, 697 F.3d at 1031.

California has a three-level formal grievance process for prisoners. Cal Code Regs. tit. 15, § 3084.7. Prisoners must first submit their grievances to the appeals coordinator on a 602 within thirty days of the incident "describ[ing] the specific issue under appeal and the relief requested." Id. §§ 3084.2(a) and 3084.8(b)(1). Appeals at

6

the first level must be responded to and returned to the inmate within thirty days of receipt. Id. § 3084.8(c)(1). If a prisoner is not satisfied with the response he receives at the first level, he must submit his appeal to the second level of review, after which he may appeal to the third and final level, called the Director's Level. Id. § 3084.7. Appeals may be rejected or cancelled by the appeals coordinator reviewing the appeal at any level of review. Id. § 3084.6(a).

### B.     Parties' Arguments

Defendants argue that the First Appeal was properly cancelled at the first level of review, and the First Screening issued clear instructions to Plaintiff on how to properly submit that grievance. According to Defendants, Plaintiff did not heed those instructions until six months later, when Plaintiff submitted the Second Appeal. The Second Appeal was also properly cancelled at the first level of review. As the only two appeals submitted by Plaintiff were both properly cancelled and not pursued to the final level of review, Plaintiff failed to exhaust.

Defendants further argue that Plaintiff's claim that he resubmitted the First Appeal on October 1, 2013 without the Form 602-G attached should be disregarded as there is no evidence that it was received by the IAO and no record of such an appeal within the IAO. Defendants do not argue that the resubmitted First Appeal, if pursued through all three levels, would have been insufficient to exhaust Plaintiff's administrative remedies.

Plaintiff concedes that his First and Second Appeals were properly cancelled. He argues, however, that his First Appeal was timely resubmitted on October 1, 2013, and that the prison's failure to respond to both the resubmitted appeal and the two Form 22s inquiring after the status of the appeal led Plaintiff to reasonably believe that his administrative remedies were effectively unavailable, thus satisfying the exhaustion requirement.

**C.     Discussion**

Defendants have demonstrated that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. There is a genuine issue of material fact, however, as to whether circumstances rendered administrative remedies effectively unavailable.

Plaintiff states, under penalty of perjury that, on October 1, 2013, he resubmitted his First Appeal as instructed by the appeals coordinator, but never received a response to it. This statement raises a genuine issue of material fact as to whether administrative remedies were effectively unavailable. Accordingly, Defendants' motion for summary judgment should be denied.

Defendants argue the lack of corroborating evidence of resubmission of the First Appeal to the IAO. There is however, some corroboration:  It is undisputed that both Form 22s inquiring about the First Appeal made it as far as Correctional Officer Pronold who supposedly forwarded the Form 22s to the appeals coordinator. The fact that the Form 22s were submitted so soon after Plaintiff allegedly resubmitted his First Appeal lends credence to Plaintiff's claim that he in fact resubmitted the grievance as alleged.

Additionally, Defendants' assertion that the IAO never received Plaintiff's resubmitted First Appeal does not prove non-submission. Indeed, if exhaustion were dependent entirely on whether the appropriate officials *received* a properly filed grievance, prisoners would be entirely at the mercy of the prison's record-keeping capabilities. McCoy v. Stratton, No. 2:12-cv-1137 WBS DAD P, 2014 WL 6633319, at *8 (E.D. Cal. Nov. 21, 2014) (citing Badwi v. Hedgpeth, No. C 08-2221 SBA, 2012 WL 479192, at *4 (N.D. Cal. Feb. 14, 2012)).

In any event, the determination of whether Plaintiff actually resubmitted the First Appeal turns on the relative credibility of the parties. Because such determinations cannot be made on a motion for summary judgment, the Court must recommend that Defendants' motion for summary judgment be denied.  See Soremekun, 509 F.3d at 984.  In light of Defendants' request for an evidentiary hearing in the event their motion

is denied, the Court will also recommend that the matter be referred back to the undersigned for the purpose of conducting an evidentiary hearing to resolve the issue of whether Plaintiff resubmitted his First Appeal.

**IV.     Plaintiff's Surreply**

On July 25, 2016, Plaintiff filed an "Opposition" to Defendants' reply. (ECF No. 46.) He did not seek leave before doing so.

Parties do not have the right to file surreplies, and motions are deemed submitted when the time to reply has expired.  Local Rule 230(*l*). Plaintiff has not set forth any reasons why he should be permitted to file a surreply. See Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (courts should allow surreplies "only where a valid reason for such additional briefing exists.") In any case, the Court has recommended denying Defendants' motion, thus any additional arguments by Plaintiff are unnecessary. Plaintiff's surreply will be stricken from the record.

**V.      Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's surreply (ECF No. 46) is STRICKEN from the record; and

IT IS HEREBY RECOMMENDED that:

2. Defendants' motion for summary judgment (ECF No. 38) be DENIED; and

3.  The matter be referred back to the undersigned for purposes of conducting an evidentiary hearing to resolve the dispute of fact set forth herein.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

9

and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __November 7, 2016__          /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE