UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. GONZALES, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01177-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>**(ECF No. 43)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Third Amended Complaint ("TAC") against Defendants Rosa Gonzales[1] and Sergeant Olsen on Plaintiff's First Amendment retaliation, Fourteenth Amendment Equal Protection, and state tort conversion claims. (ECF No. 19.)

On November 8, 2016, the Court issued Findings and Recommendations to deny Defendants' April 13, 2016 motion for summary judgement. (ECF Nos. 38 & 49.) Those findings are currently pending before the District Judge. Now pending before this Court is Plaintiff's July 8, 2016 "Motion for Leave to Amend and File a Fourth Amended

---

[1] Plaintiff spells this Defendant's name "Gonzales." Defendants have spelled it, alternatively, "Gonzales" and "Gonzalez." The Court will use the former spelling.

Complaint." (ECF No. 43.) Also lodged before the Court is Plaintiff's proposed Fourth Amended Complaint ("FAC"). (ECF No. 44.) Defendants oppose the motion. (ECF No. 47.) Plaintiff filed a reply to that opposition (ECF No. 48.) The matter is submitted. Local Rule 230(*l*).

## I. Plaintiff's Allegations

### A. Allegations in Third Amended Complaint

At all times relevant to this suit, Plaintiff was housed at Valley State Prison ("VSP") in Chowchilla, California, where he remains.

On either September 13 or 23[2], 2013, Defendant Gonzales stated that Plaintiff and other African-American inmates were being too loud in the Facility D dayroom. Inmates of other ethnicities were also being loud, but Defendant Gonzales did not address them. Defendant Gonzales announced she was going to search the cells of all African-American inmates on the B hallway. During the search, Defendant Gonzales seized family photographs from Plaintiff's cell. She did not give Plaintiff or the other inmates a cell search slip and refused to return Plaintiff's photographs.

Plaintiff submitted several CDCR Request Form 22s ("Form 22") to the D-Yard program Sergeant "Doe 1" (later determined to be Defendant Olsen), complaining about Defendant Gonzales' conduct. Defendant Olsen refused to intervene, stating he would stand behind his officer.

The instant suit was filed in the Madera County Superior Court on June 2, 2014. On July 25, 2014, on Defendants' motion, the case was removed to this Court. Plaintiff alleges retaliation in violation of the First Amendment, denial of Equal Protection under the law, and conversion.

### B. Allegations in Proposed Fourth Amended Complaint

Plaintiff's proposed FAC re-alleges the facts and claims set forth above and seeks to add new claims arising from events which occurred after Plaintiff's suit was filed. Plaintiff also seeks to add Defendants Mata, Fonderon, and Fisher:

---

[2] Plaintiff has alternately alleged that the incident took place on September 13 and September 23, 2013.

2

On December 16, 2015, Defendant Gonzales worked in "D2," however she was not a regular correctional officer. Defendant Mata informed Defendant Gonzales that the correctional officers in that unit typically performed cell searches when the inmates went to breakfast. Defendant Gonzales told Defendant Mata that they would conduct the search later.

At some point, Defendant Gonzales stated she would search Plaintiff's cell alone. Defendant Gonzales went directly to Plaintiff's bunk and ransacked his locker and bed area. She poured bleach on Plaintiff's prayer rug, then confiscated the rug. She also poured bleach all over Plaintiff's legal paperwork and left the papers on Plaintiff's bunk so that he would see them.

Plaintiff submitted several Form 22s to Defendant Gonzales asking for the return of his prayer rug. Defendant Gonzales did not respond. Therefore, Plaintiff filed an Inmate Appeal Form 602 complaining about Defendant Gonzales' conduct. On January 18, 2016, Defendant Sergeant Fonderon interviewed Plaintiff about his 602. Plaintiff showed Defendant Fonderon the bleached papers. Defendant Fonderon pulled out the prayer rug and said he could not return it while the grievance was still pending. However, Plaintiff's grievance has since proceeded through the final level of appeal, yet he still has not received his prayer rug.

Defendant Warden Fisher took no action to correct the misconduct of his subordinates, despite knowing that Defendant Gonzales destroyed Plaintiff's prayer rug.

Plaintiff believes Defendants' actions were in retaliation for the lawsuit Plaintiff filed against Defendants Gonzales and Olsen. Plaintiff also alleges violations of the First Amendment free exercise of religion clause and the Bane Act.

**II.     Legal Standard**

Plaintiff seeks leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). However, as Plaintiff wishes to add claims arising from events that took place after this suit was filed, the Court will construe Plaintiff's motion as seeking leave to file a supplemental complaint under Rule 15(d). Fed. R. Civ. P. 15(d) ("On motion and

reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); see also 6A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1504 (3d ed. 1971) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.") Additionally, as discussed below, the evaluative criteria under 15(d) mirrors that in 15(a); thus, consideration of this motion under the latter section would not produce a different result.

Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. County Sch. Bd. of Prince Edward Cnty., 377 U.S. 218, 226–27 (1964).

Generally, the standard used by district courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend. San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior, 236 F.R.D. 491, 496 (E.D. Cal. 2006); see also Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996) (holding that the standard under 15(a) and 15(d) are the same); Franks v. Ross, 313 F.3d 184, 198 n. 15 (4th Cir. 2002); Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). Thus, in determining whether to grant leave to supplement, courts consider factors such as: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. See In re Korean

Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d, 729, 732 (9th Cir. 2008); AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052. Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to supplement, as Rule 15(d) is intended to promote judicial economy and convenience. Keith, 858 F.2d at 473.  E

Finally, Local Rule 220 requires that a supplemental pleading be complete in itself without reference to any prior pleading.

**III.  Discussion**

    **A.  Parties' Arguments**

Plaintiff argues that the facts contained within the proposed FAC all stem from Defendant Gonzales' September 2013 act of retaliation and are simply a continuation of her retaliatory animus. In the interest of judicial economy, therefore, all of Plaintiff's claims should be heard in the same lawsuit. Plaintiff argues there is no risk of prejudice to Defendants since at the time of Plaintiff's motion, discovery had not yet begun.[3]

Defendants oppose on the grounds that Plaintiff's proposed FAC sets forth allegations that are entirely unrelated to those in the TAC. Defendants argue that allowing Plaintiff leave to supplement would prejudice Defendants since they would need to refile their answer and dispositive motion and incur additional costs.

    **B.  Analysis**

It is clear that Plaintiff's proposed FAC seeks to add claims and Defendants only tangentially related to the claims underlying the operative complaint, and seeks to bring in

---

[3] Plaintiff seems also to suggest that the facts alleged and arguments made in his motion to amend should be (or should have been) considered by the Court in making its findings and recommendations on Defendants' April 13, 2016 motion for summary judgment. Since the Court there recommended that Defendant's motion be denied, no useful purpose would be served in considering additional grounds for denial even if the summary judgment motion were still before the undersigned (it is not) and even if the proposed amendment reflected a cognizable claim for retaliation (it appears that only speculation by Plaintiff underlies his belief that more recent retaliation resulted from his having filed this suit).

5

entirely new alleged constitutional violations by entirely new defendants. The mere fact that Defendant Gonzales' new act of retaliation—destroying Plaintiff's legal paperwork and prayer rug—was allegedly motivated by Plaintiff's filing of the instant lawsuit is insufficient to establish a relationship "between the newly alleged matters and the subject of the original action." Keith, 858 F.2d at 474. Indeed, the underlying issue in Plaintiff's new allegations against Defendant Gonzales—retaliation for filing a lawsuit—does not relate back to Defendant Gonzales' retaliation against Plaintiff for being too loud. Furthermore, the Defendants Plaintiff seeks to add—Mata, Fonderon, and Fisher—were not involved in the original violation, and Plaintiff's current religious exercise claims are wholly unrelated to his original claims.  Allowing Plaintiff to supplement at this juncture would serve only to delay the proceedings to the prejudice of Defendants who have already appeared. Plaintiff's new claims are appropriately filed in a separate action. Contreraz v. Stockbridge, No. 1:06-cv-01817-LJO-SKO PC, 2012 WL 396503, at *1 (E.D. Cal. Feb. 7, 2012) ("Allowing Plaintiff to add these separate, distinct, and new claims at this juncture would not serve the interests of judicial economy and convenience, and the proposed claims are simply not sufficiently related to the present claim to support allowing leave to supplement.") The Court will therefore recommend denying Plaintiff leave to file a supplemental pleading.

**IV.    Conclusion**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for leave to file a supplemental complaint (ECF No. 43) be DENIED;

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 15, 2016           /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE