UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>   Plaintiff,<br><br>   v.<br><br>R. GONZALES, et al.,<br><br>   Defendant(s). | 1:14-cv-01177-DAD-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 60)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in the civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 8, 2016, the undersigned recommended that the District Court Judge deny Defendant's motion for summary judgment and refer the case back to the undersigned for an evidentiary hearing to resolve disputed issues of fact. (ECF No. 49.) Those findings and recommendations are pending before the District Judge. On December 27, 2016, Plaintiff filed a motion seeking the appointment of counsel for the purposes of the evidentiary hearing only. (ECF No. 60.)

In an order dated December 5, 2016, Plaintiff was advised that he does not have a constitutional right to appointed counsel in this action and the Court cannot require an attorney to represent him. (See ECF No. 57) (citing Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) and Mallard v. United States District Court for the Southern District

1

of Iowa, 490 U.S. 296, 298 (1989)). Plaintiff was further advised that the Court would only seek the voluntary assistance of counsel in the most serious and exceptional of circumstances. (Id.) (citing Rand, 113 F.3d at 1525.) The Court did not find the instant case presented the necessary exceptional circumstances. (Id.) It so finds again.

In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525 (internal quotation marks and citations omitted). Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims on his own. Id.

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   December 31, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE