1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    JAMAR HEARNS,                          CASE NO. 1:14-cv-01177-AWI-MJS (PC)

12              Plaintiff,                    **ORDER DENYING PLAINTIFF'S
                                             REQUESTS FOR TELEPHONIC**
13         v.                                **APPEARANCE, APPOINTMENT OF
                                             COUNSEL, AND CHANGE OF VENUE**
14    R. GONZALEZ, et al.

15              Defendants.                   **(ECF No. 72)**

16

17

18         Plaintiff is a parolee proceeding pro se and in forma pauperis in this civil rights

19   action brought pursuant to 42 U.S.C. § 1983.

20         This case is set to proceed to a May 26, 2017, evidentiary hearing before the

21   undersigned on the issue of whether unpursued administrative remedies were available

22   to Plaintiff. (ECF No. 68.)

23         On April 21, 2017, Plaintiff notified the Court that he had been released from

24   custody and was subject to parole conditions which precluded travel outside of Los

25   Angeles County. (ECF No. 72.) He also advises that the cost of travel from Los Angeles

26   County to Fresno would be prohibitively expensive and so he asked the Court to allow

27   him to appear telephonically at the hearing, or to appoint an attorney to represent him at

28

1    the hearing in his stead, or to grant Plaintiff a change of venue to the United States

2    District Court for the Central District of California.

3            While the Court is sympathetic to Plaintiff's situation, it will not proceed with a

4    telephonically evidentiary hearing. The issues at this hearing likely will turn on credibility

5    determinations and the Court must be able to observe Plaintiff's demeanor in person and

6    under effective cross-examination.

7            Furthermore, as Plaintiff has previously been advised, he does not have a right to

8    appointed counsel in this case (see ECF Nos. 57 & 62), and the Court will only seek

9    volunteer counsel under exceptional circumstances not present here. In any event,

10   representation by an attorney would not relieve Plaintiff of the obligation to be present for

11   examination and cross-examination at the hearing.

12           Finally, the federal venue statute requires that a civil action, other than one based

13   on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant

14   resides, if all defendants reside in the same State, (2) a judicial district in which a

15   substantial part of the events or omissions giving rise to the claim occurred, or a

16   substantial part of the property that is the subject of the action is situated, or (3) a judicial

17   district in which any defendant may be found, if there is no district in which the action

18   may otherwise be brought."  28 U.S.C. § 1391(b). "For the convenience of the parties

19   and witnesses, in the interest of justice, a district court may transfer any civil action to

20   any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

21   Plaintiff has not presented sufficient justification for a transfer of venue to the Central

22   District of California.

23           For the foregoing reasons, Plaintiff's motion is DENIED, without prejudice, in its

24   entirety. Plaintiff's personal appearance in the United States District Court for the

25   Eastern District of California, Fresno Division is required. The Court requests the

26   assistance and/or cooperation of Plaintiff's parole officer or other custodial authority in

27

28

2

facilitating Plaintiff's attendance at the May 26, 2017 hearing. The Court is unable to assist Plaintiff with the cost of travel.

IT IS SO ORDERED.

Dated:    April 25, 2017                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE